**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| GLOBAL COMMUNICATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ECHOSTAR COMMUNICATIONS CORP., ECHOSTAR TECHNOLOGIES, CORP., and ECHOSTAR DBS CORP.<br><br>Defendants. | CIVIL ACTION NO. 2:07-cv-119-TJW<br><br>JURY TRIAL REQUESTED |

**PLAINTIFF GLOBAL COMMUNICATIONS INC.'S ORIGINAL COMPLAINT**

Plaintiff Global Communications, Inc. ("Global") files this complaint against Defendants Echostar Communications Corp., Echostar Technologies Corp., and Echostar DBS Corp. (collectively "Echostar") for patent infringement of U.S. Patent No. 6,947,702, a copy of which is attached hereto as Exhibit "A", under 35 U.S.C. § 271, and in support thereof would respectfully show the Court the following:

**THE PARTIES**

1. Plaintiff Global is a corporation organized and existing under the laws of the State of Florida, and maintains its principal place of business at Global One Centre, 472 Capital Circle N.W., Tallahassee, Florida 32304.

2. Defendant Echostar Communications Corp. is a Nevada corporation with its principal place of business at 9601 South Meridian Boulevard, Englewood, Colorado; Defendant Echostar Technologies Corp. is a Texas corporation with its principal place of business at the same address; and Defendant Echostar DBS Corp. is a Colorado corporation

with its principal place of business at the same address as well. On information and belief, Echostar regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, and as set forth below, has committed and continues to commit, tortious acts of patent infringement within and outside of Texas and within the Eastern District of Texas. Echostar offers for sale, sells, advertises, markets, provides, and operates satellite television service to consumers in the United States and, more particularly, in the Eastern District of Texas.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. § 1338.

4. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391 and 1400(b).

5. This Court has personal jurisdiction over Echostar. Echostar has conducted and does conduct business within the State of Texas. Echostar, directly or through subsidiaries or intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises (including the provision of an interactive web page) its products and/or services in the United States, the State of Texas, and the Eastern District of Texas. Echostar, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), has purposefully and voluntarily placed one or more of its infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in the Eastern District of Texas. These infringing products and/or services have been and continue to be purchased and used by consumers in the

Eastern District of Texas. Echostar has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

**COUNT ONE**

**PATENT INFRINGEMENT**

6. Global incorporates by reference paragraphs 1- 5 as if fully set forth herein.

7. On September 20, 2005, United States Patent No. 6,947,702 ("the '702 patent") entitled "Satellite Broadcast Receiving and Distribution System" was duly and legally issued with James A. Green, Sr. and Austin S. Coker, Jr. as the named inventors after full and fair examination. Global is the owner of all rights, title, and interest in and to the '702 patent and possesses all rights of recovery under the '702 patent.

8. Echostar is infringing the '702 patent under 35 U.S.C. § 271 by performing, without authority, one or more of the following acts: (a) making, using, offering to sell, and selling within the United States products and services that practice the inventions of the '702 patent; (b) importing into the United States the inventions of the '702 patent; (c) on information and belief, contributing to the infringement of the '702 patent by others in the United States; and/or (d) on information and belief, inducing others to infringe the '702 patent within the United States.

9. Echostar's acts of infringement have caused damage to Global. Global is entitled to recover from Echostar the damages sustained by Global as a result of Echostar's wrongful acts in an amount subject to proof at trial. Echostar's infringement of Global's rights under the '702 patent will continue to damage Global's business, causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court.

10. Plaintiff has complied with 35 U.S.C. § 287.

11. Upon information and belief, Echostar's infringement of the '702 patent is willful and deliberate entitling Global to enhanced damages and to attorneys' fees incurred in prosecuting this action.

## **DEMAND FOR JURY TRIAL**

Global hereby demands a jury for all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Global prays for the following relief:

1. A judgment that Echostar has directly infringed the '702 patent, contributorily infringed the '702 patent, and/or induced the infringement of the '702 patent;

2. An injunction preventing Echostar and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from directly infringing, contributorily infringing, and/or inducing the infringement of the '702 patent;

3. A judgment and order that Echostar's infringement is willful and deliberate, entitling Global to enhanced damages;

4. This case be found an exceptional case, entitling Global to attorneys' fees incurred in prosecuting this action;

5. A judgment and order requiring Echostar to pay Global damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and treble damages for willful infringement as provided by 35 U.S.C. § 284;

6. A judgment and order requiring Echostar to pay Global the costs of this action (including all disbursements);

7. A judgment and order requiring Echostar to pay Global pre-judgment and post-judgment interest on the damages awarded;

8. A judgment and order requiring that in the event a permanent injunction preventing future acts of infringement is not granted, that Global be awarded a compulsory ongoing licensing fee; and

9. Such other and further relief as the Court may deem just and proper.

DATED: April 9, 2007.

Respectfully submitted,

__/s/ Sam Baxter________________________

Sam Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
McKool Smith, P.C.
P.O. Box O
505 E. Travis, Suite 105
Marshall, Texas 75670
Telephone: (903) 927-2111
Facsimile: (903) 927-2622

Theodore Stevenson, III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Luke McLeroy
Texas State Bar No. 24041455
dsochia@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Steven J. Pollinger
Texas State Bar No. 24011919
spollinger@mckoolsmith.com
Scott L. Cole
Texas State Bar No. 00790481
McKool Smith, P.C.
300 West 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**ATTORNEYS FOR PLAINTIFF**
**GLOBAL COMMUNICATIONS, INC.**